O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND; REGAL VEGAN, INC.; SARAH EVANS; MICHELLE SCHURIG; CAROLINE LEE; DANIEL STAHLIE; FARM SANCTUARY; COMPASSION OVER KILLING; and AMINAL PROTECTION AND RESCUE LEAGUE,<br><br>Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK; FOOD SAFETY AND INSPECTION SERVICE; and ALFRED V. ALMANZA,<br><br>Defendants. | Case No. 2:12-cv-4028-ODW(PJWx)<br><br>**ORDER RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [22] AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [26]** |

## I. INTRODUCTION

Pending before the Court are Plaintiffs' Motion for Summary Judgment and Defendants' Motion for Judgment on the Pleadings with respect to subject-matter jurisdiction. (ECF Nos. 22, 26.) The Court concludes that Defendants' denial of Plaintiffs' Petition is unreviewable under 5 U.S.C. § 701(a). Thus, for the reasons discussed below, Plaintiffs' Motion for Summary Judgment is **DENIED AS MOOT** and Defendants' Motion for Judgment on the Pleadings is **GRANTED**.[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.  BACKGROUND

On November 28, 2007, several of the current Plaintiffs petitioned the United States Department of Agriculture ("USDA") and Food Safety and Inspection Service ("FSIS") to promulgate regulations condemning force-fed foie gras as an adulterated food product under the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. §§ 451–472. (Compl. ¶ 3; Ex. A.)  The FSIS, an agency of the USDA, denied their petition. (*Id.* ¶ 3; Ex. B.)  The FSIS reasoned that force-fed foie gras was not adulterated or diseased, and that its continued availability in the poultry market was not in violation of the PPIA.  (*Id.*)

The PPIA sets standards for the USDA to regulate the production and sale of poultry in order to protect consumers from adulterated poultry products.  21 U.S.C. § 452.  It requires ante mortem and post mortem inspections of poultry products to ensure that they are safe for human consumption.  21 U.S.C. § 455.  Under FSIS directives, poultry inspectors are instructed to deem wholesome any poultry livers with a uniform yellow color, resulting from excessive fat deposits.  (Compl. ¶ 89.) Plaintiffs contend that this policy allows force-fed foie gras livers to escape condemnation because they have a uniform yellow color as result of fatty infiltration. (*Id.* ¶ 91.)  And Plaintiffs suggest that the USDA is inconsistent: it condemns broiler chickens with certain disease conditions, but not force-fed foie gras exhibiting the same conditions.  (*Id.* ¶ 93.)

Plaintiffs allege that the consumption of force-fed foie gras poses risks to human health because it contains insoluble protein fragments that can cause secondary amyloidosis, especially in persons who suffer from inflammatory diseases. (*Id.* ¶¶ 9–12.)  They also claim that the proteins may encourage the development of other amyloid-associated disorders, including Alzheimer's disease or Type II diabetes.  (*Id.* ¶ 13.)  Plaintiffs admit these proteins are common to waterfowl generally, but contend that the proteins are more prevalent in foie gras.  (*Id.* ¶ 14.)  Plaintiffs also allege that harmful bacteria including *E. coli* have been found in force-fed foie gras.  (*Id.* ¶ 6.)

Plaintiffs filed this lawsuit to challenge the legality of FSIS's denial, claiming the decision was arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(a).  (Compl. ¶ 4.) Plaintiffs now move for summary judgment that FSIS's denial violated the APA. (ECF No. 22.)  In response, Defendants moved for judgment on the pleadings that Plaintiffs lack standing, or in the alternative, for summary judgment that FSIS's denial was proper and within its discretion.  (ECF No. 26.)

### III.  LEGAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b) motion to dismiss; the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106–07 (C.D. Cal. 2008) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  Thus, the allegations of the non-moving party are accepted as true, denials of these allegations by the moving party are assumed to be false, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  But conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings.  *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  *Hal Roach Studios*, 896 F.2d at 1550.

### IV.  DISCUSSION

Article III of the Constitution limits federal-court jurisdiction to cases and controversies.  Thus, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court must dismiss the action. Fed. R. Civ. P. 12h(3); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (2011).

The PPIA does not create a private right of action for citizens, so a plaintiff suing for a PPIA violation must bring suit under the APA. The APA generally entitles an aggrieved plaintiff to judicial review of an adverse agency action. 5 U.S.C. § 702. But judicial review of an agency action is unavailable if (1) a statute precludes judicial review or (2) the agency action is "committed to agency discretion by law." 5 U.S.C. § 701(a).

In this case, though the PPIA does not allow for a private action, there is also no indication that the PPIA expressly precludes judicial review; so § 701(a)(1) does not apply here. And as for as for agency actions committed to agency discretion by law under § 701(a)(2), this does not apply to agency inaction except under narrow circumstances. *Heckler v. Chaney*, 470 U.S. 821, 832 (1985).

Indeed, an agency's decision to not "take enforcement action [is] presumed immune from judicial review under § 701(a)(2)." *Id.* An agency has broad discretion to choose how best to allocate its resources to perform its delegated responsibilities. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–845 (1984). This discretion is "at its height when the agency decides not to bring an enforcement action." *Massachusetts v. EPA*, 549 U.S. 497, 527 (2007).

One instance of this discretion involved the FDA's denial of a petition to ban the use of several drugs that—though approved by the FDA for the medical purposes stated on their labels—were not approved for use in human executions and were not deemed "safe and effective" for that use under the applicable statutes. *Heckler*, 470 U.S. at 823–24. In that case, the Supreme Court sided with the FDA and held that the petition denial was unreviewable because there were no "judicially manageable standards . . . for judging how and when an agency should exercise its discretion." *Id.* at 830. The fact that an agency may not carry out their delegated powers with "sufficient vigor" does not mean that the courts are necessarily the appropriate vehicle to police this aspect of the agency's performance. *Id.* at 834. If Congress has imposed standards to define an agency's discretion, then there is "law to apply" and

the agency's decision is reviewable; otherwise, it is a decision "committed to agency discretion by law." *Id.* at 835; § 701(a)(2).

But there is an exception for denials of a petition for rulemaking. These denials differ from an agency's decisions not to initiate an enforcement action: the latter are rarer, more apt to involve legal instead of factual analysis, and subject to special formalities. *Id.* For instance, in *Massachusetts v. EPA*, the EPA denied plaintiffs' petition requesting that it promulgate rules to regulate four greenhouse gases, including carbon dioxide, emitted from new motor vehicles. *Id.* at 505. The Supreme Court concluded that under those facts, the affected party had an undoubted procedural right to file the petition in the first instance—thus, the EPA's refusal to promulgate new rules was susceptible to judicial review. *Id.* at 527–28.

Here, Plaintiffs' underlying petition in this case asks the USDA to ban force-fed foie gras from the human food supply. (Compl. Ex. A at 2.) The basis for this petition is Plaintiffs' assertion that force-fed foie gras is adulterated and should be condemned under 21 U.S.C. § 453(g)(3) and § 455. Poultry livers, including force-fed foie gras, are already regulated by the USDA under those statutes. (Compl. ¶ 89.)

Though titled "PETITION FOR RULEMAKING," Plaintiffs' request seeks to ban force-fed foie gras under existing laws and regulations: it is not a request to make new rules or modify existing rules. The Court notes that any agency discretion could be characterized as a rule, and therefore under *Massachusetts v. EPA*, would be presumably reviewable by the courts. But that is form over substance. Plaintiffs merely seek to persuade the USDA to conclude that *all* force-fed foie gras, by definition, are adulterated and diseased.

Plaintiffs' voluminous submission of technical papers and data supports the Court's view that Plaintiffs are challenging a scientific conclusion and not a legal one. (Compl. Ex. A.) The USDA's denial of Plaintiffs' petition shows that it disagrees with Plaintiffs' viewpoint that force-fed foie gras is adulterated or diseased: the USDA reaffirms that it is not. (Compl. Ex. B.) This controversy concerns scientific evidence

suggesting that force-fed foie gras should be banned under existing laws and regulations. This controversy isn't about promulgating rules.

The Court leaves this scientific conclusion for the USDA to decide based on its expertise in the field. *See Heckler*, 470 U.S. at 831. This is an issue falling squarely under the USDA's discretion by law. And because there are no legal issues to be considered concerning the USDA's petition denial, Plaintiffs are not entitled to judicial review under 5 U.S.C. § 702.

## V.  CONCLUSION

For the reasons discussed above, Defendants' Motion for Judgment on the Pleadings is **GRANTED** (ECF No. 26) and Plaintiffs' Motion for Summary Judgment is **DENIED AS MOOT** (ECF No. 22). Defendants' alternative Motion for Summary Judgment is also **DENIED AS MOOT**. (ECF No. 26.)  This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

March 22, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**