Morgan Hector, Cal. Bar No. 246573
mhector@steptoe.com
STEPTOE & JOHNSON, LLP
633 West Fifth Street, Suite 700
Los Angeles CA 90071
213.439.9400 / 213.439.9599 (fax)

Carter Dillard, Cal. Bar No. 206276
cdillard@aldf.org
ANIMAL LEGAL DEFENSE FUND
170 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533 / (707) 795-7280 (fax)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a non-profit corporation; et al., | Case No. 12-cv-04028-ODW(PJWx) |
| | Hon. Otis D. Wright II |
| Plaintiffs, | |
| v. | DECLARATION OF STEPHEN WELLS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| UNITED STATES DEPARTMENT OF AGRICULTURE, and the Honorable TOM VILSACK, its Secretary; et al., | |
| Defendants. | |

1. I, Stephen Wells, declare that if called as a witness in this action I would competently testify of my own personal knowledge as follows:

2. I am a resident of Guerneville, California, and am executive director for the Animal Legal Defense Fund (ALDF), a plaintiff in the above-captioned action. I have worked for ALDF from 1999 to the present. I am responsible for coordinating the activities of ALDF's various departments, including those responsible for our litigation, outreach, and public advocacy efforts to end force-feeding in the foie gras industry.

3. ALDF is a national non-profit organization involved in every aspect of animal law. ALDF has spent over three decades focusing on issues involving animals and the law; its main focus is preventing animal cruelty and advancing the protection of the interests of animals through the legal system, which includes public advocacy, education, litigation, legislative lobbying, animal law discipline development, and legal education. ALDF's groundbreaking efforts to end the suffering of abused animals are supported by hundreds of dedicated attorneys and more than 200,000 members and supporters.

4. ALDF is heavily involved in the protection, health, and wellbeing of animals used and sold in commercial enterprises, including agriculture, and in the broad social and human health consequences of intensive animal agriculture, in particular. For example, ALDF has filed rulemaking petitions about the animal welfare, consumer safety, and public health effects of antibiotic and other veterinary drug use by the meat industry and about the contributions of animal agriculture to climate change.

5. ALDF advocates concerning the health consequences of consuming animal products because the practices that exacerbate the harmful health effects of consuming animal products are the same practices that greatly contribute to animal cruelty in animal farming. Force feeding to produce foie gras is just one example of such practices.

1

DECLARATION OF STEPHEN WELLS

DOC. # LA-211162 V.1

6. For over a decade, ALDF has pursued petitions, campaigns, lawsuits, and outreach efforts to address force-fed foie gras, including, among many others:

- enforcing California's groundbreaking foie gras law,
- stopping false advertising by foie gras producers, and
- exposing the human health dangers posed by the product.

7. ALDF has expended substantial organizational resources pursuing these efforts to combat force-fed foie gras, including:

- filing administrative petitions and lawsuits,
- publishing email and print newsletters,
- producing online resources, and
- conducting social media campaigns.

I have been directly involved in the management of these legal, educational, and outreach efforts.

8. ALDF's communications department has also spent significant resources raising awareness about the health effects on ducks being raised for foie gras and the human health consequences of the force-feeding process. ALDF has issued press releases and initiated letter writing campaigns to oppose the inducement of liver disease by way of force feeding.

9. ALDF's work has been frustrated by the continued availability of force-fed foie gras in the marketplace, by virtue of the USDA's unlawful approval for human consumption of this diseased poultry product. It was for this reason that ALDF joined as one of the petitioners in the 2007 Petition, denied by Defendants in 2009, that is the subject of this lawsuit.

10. In September 2011, in the face of the USDA's continued refusal to remove foie gras from the food supply, ALDF also had to devote resources to prepare and file a petition for rulemaking to require foie gras to be labeled, "Notice: Foie gras products are derived from diseased birds," so as to warn consumers of its true nature. ALDF sent email alerts to members urging them to

1  contact the agency in support of the petition.  USDA denied the petition in
2  February 2016.  All of the expenses incurred by the efforts above resulted from
3  the USDA's unlawful conduct, and those resources could have been spent in ways
4  that better further ALDF's mission.

5  11. USDA's arbitrary refusal to remove force-fed foie gras, a diseased
6  poultry product, from the human food supply, despite its grave animal welfare toll
7  and deleterious human health effects, has forced ALDF to divert organizational
8  resources away from other priorities and campaigns in order to warn and educate
9  the public about force-fed foie gras.

10  12. Indeed, ALDF had no choice but to spend organizational capital to
11  counteract USDA's refusal to take action on foie gras.  Because of its long-
12  standing public commitment to combatting force-fed foie gras, and position as a
13  resource to the public on the industry, if ALDF had not diverted these resources to
14  combat force-fed foie gras, it would have suffered a loss of credibility, support,
15  and organizational goodwill among its donors, its peers, and the legal community.

16  13. Specifically, given that ALDF has publicly dedicated itself to
17  fighting force-fed foie gras, it could not then abandon the effort and allow this
18  cruel, adulterated product to continue flooding the market without facing real
19  negative consequences, including a loss of donations and the appearance that the
20  organization was not sufficiently dedicated to combatting the most intransigent
21  forms of animal cruelty and the most dangerous products in the meat industry.

22  14. To be sure, ALDF's members and supporters expect the organization
23  to combat the worst forms of animal abuse and to ensure that the law protects
24  animal health and welfare to the fullest extent possible.  Thus, ignoring the terrible
25  animal welfare consequences and threats to public health posed by force-fed foie
26  gras, after publicly stating that it would do otherwise, and sitting idly by while the
27  USDA continued approving this diseased product for human consumption, was
28  simply not an option for ALDF.  Simply put, an organization that raises money to

1 combat an illegal practice is obligated to continue its efforts until successful, lest it
2 run the risk of alienating donors who gave to support these efforts.

3     15. The above-described diversion of resources has injured ALDF's
4 organizational mission by harming its ability to combat cruelty and public health
5 dangers in the animal agriculture industry, and has consumed organizational
6 resources that could have been spent on other litigation, education, and outreach
7 campaigns. Indeed, ALDF's obligation to continue combatting force-fed foie gras
8 represents a serious opportunity cost for the organization. ALDF has had to
9 postpone projects that would reach new media markets and individuals, develop
10 the organization, and advance ALDF's mission, because it is entrenched in force-
11 fed foie gras and unable to shift resources away from the issue. ALDF could have
12 avoided numerous expenditures, and pursued work that more directly advanced its
13 mission, if Defendants had not been permitting a diseased animal product into the
14 food supply in contravention of the law.

15     16. If USDA were to initiate rulemaking to remove force-fed foie gras,
16 the fatty, degenerated liver product that threatens animal and human health, from
17 the marketplace as an "adulterated" product under the Poultry Products Inspection
18 Act, the organizational resources ALDF is currently diverting to warn consumers
19 and educate the public about foie gras could then be directed to other projects,
20 including efforts to protect other animals, in furtherance of its overall mission.

21     17. Thus, the rulemaking sought by the 2007 Petition described in the
22 Complaint, and denied by Defendants in 2009, would properly redress the present
23 and future injuries described herein to ALDF's interests.

24     I declare under penalty of perjury under the laws of the United States of
25 America that the foregoing is true and correct.

26     Signed this \_\_3rd\_\_ day of March, 2016, at \_\_Cotati, CA\_\_

27
28     By: _____
    Stephen Wells

4
DECLARATION OF STEPHEN WELLS

DOC. # LA-211162 V.1