UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> AGRICULTURE, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | No. CV12-04028 <br> ODW (PJWx) <br><br> [PROPOSED] <br> STATEMENT OF <br> DECISION |

The United States Department of Agriculture ("USDA"), acting through the Food Safety and Inspection Service ("FSIS"), denied a petition, submitted by some of the plaintiffs in this action, that it initiate a rulemaking proceeding to ban force-fed foie gras (hereafter "foie gras") as an adulterated food product under the authority of the Poultry Products Inspection Act ("PPIA"), 21 U. S.C. § 451, <u>et seq</u>. Plaintiffs have now brought this action, challenging the decision of FSIS under the Administrative Procedure Act, (APA) 7 U.S.C. § 706. The Court can resolve this issue on the basis of the Cross-motions for Summary Judgment filed by the parties and the Administrative Record of the FSIS decision that has been filed with the Court.

## I. Plaintiffs Lack Standing to Maintain this Action

Before the Court can reach the merits of plaintiffs' APA challenge it must determine if any or all of the eight plaintiffs herein have standing to challenge the decision of FSIS. The Court concludes that each of the eight plaintiffs lack standing, albeit for different reasons.

The absence of any evidence whatever that anyone has developed any kind of illness from consuming foie gras is fatal to the standing of the individual plaintiffs, since their alleged "injury" amounts to nothing more than speculation. "[T]he Supreme Court has flatly rejected the contention . . . that an injury occurring 'some day' can satisfy the injury-in-fact requirement of the standing doctrine." *Schmier v. U. S. Ct. of Appeals for the Ninth Circuit*, 279 F.3d 817, 822 (9th Cir. 2002), *citing Defenders of Wildlife*, 504 U.S. at 564 and *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

Additionally, the four individual plaintiffs either knowingly consume foie gras (plaintiff Michelle Schurig) or fail to make any reasonable inquiry into whether the food that they are consuming contains foie gras (plaintiffs Caroline Lee, Sarah Evans and Daniel Stahlie). Consequently, their own conduct, rather than any action by defendants, is the cause of any injury they may suffer from the consumption of foie gras. *See Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) ("No State can be heard to complain about damage inflicted by its own hand.").

The fact that the plaintiff organizations oppose cruelty to animals and voluntarily choose to expend resources to "educate the public" about foie gras, Pl. MSJ at 15, does not give them standing to challenge USDA's decision not to initiate rulemaking to ban foie gras from the human food supply. If the rule were otherwise, any individual or group that crusades against a particular social custom or practice would automatically have standing to challenge an agency's decision to take action, or decline to take action, that touches on that practice. That is not the law. Such an injury is a classic generalized grievance; it is insufficiently "particularized" and thus "falls short of the article III

injury threshold." *Animal Legal Defense Fund, Inc. v. Espy*, 29 F.3d 720, 724 (D.C. Cir. 1994).

Plaintiff ALDF contends (as presumably do the other plaintiffs) that failing to pursue this rulemaking petition "would have resulted in loss of credibility, support and <u>organizational goodwill</u> among its donors, peers, and the legal community, which expect ALDF to combat the worst forms of animal cruelty." Pl. MSJ at 16 (emphasis added).

The first, and foremost problem with plaintiffs argument is that loss of reputation (*i.e.* "organizational goodwill"), without an associated change in status is insufficient to establish a liberty interest for purposes of demonstrating that the organizational plaintiffs have standing. *See Paul v. Davis,* 424 U.S. 693, 711 (1976); *Jackson v. Calif. Dept. of Mental Health,* 399 F.3d 1069, 1075 (9th Cir. 2005) (reputation is not a sufficient interest to confer standing); *Castillo v. County of Los Angeles,* 959 F. Supp. 2d 1255, 1259 (C.D. Cal. 2013).

Moreover, there is nothing in plaintiffs' Motion and supporting declarations to explain why ALDF can only demonstrate its organizational seriousness to its donors and peers through pursuing this particular rulemaking petition. There certainly are many other threats to animal welfare that ALDF and the other organizational plaintiffs could and do address to demonstrate their seriousness and resolve. Thus, pursuing this particular activity is nothing more than a <u>choice</u> that ALDF and the other organizational plaintiffs elected to pursue and hence is insufficient to support the organizational plaintiffs' Article III standing.

The organizational plaintiffs also lack prudential standing. To demonstrate prudential standing, a party must show that its interest in the litigation falls "arguably within the zone of interests to be protected or regulated by the statute . . . in question." *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 488 (1998) (citation and internal ellipses omitted). The four organizational plaintiffs are interested exclusively in animal welfare. However, the PPIA, the sole statute under which

plaintiffs sue, is not a statute that is designed to promote animal welfare. Instead, it is designed, exclusively, to protect the health of consumers of poultry. *See* 21 U.S.C. § 451 (goal of the PPIA is to "protect the health and welfare of consumers"). Clearly the interests of the organizational plaintiffs are not within the zone of interests of the PPIA and therefore each of these four plaintiffs lack standing to challenge agency action under the PPIA.

**II. Assuming Plaintiffs Had Standing, the Agency Action in Question was not Arbitrary or Capricious and So Is Affirmed.**

In the alternative, if plaintiffs had standing, the Court finds that the action of FSIS challenged herein had a rational basis, is supported by the record and is consistent with the requirements of the PPIA and the APA.

Review of an agency decision to deny a rulemaking petition is highly deferential, with courts reluctant to second guess agency judgment as to whether to devote resources to a particular rulemaking project. *See Massachusetts v. EPA*, 549 U.S. 497, 527 - 28 (2007), (an agency's refusal to promulgate a rule is "'extremely limited' and 'highly deferential.'"), *citation and quotation omitted; American Horse Prot. Ass'n v. Lyng*, 812 F.2d 1, 4 – 5 (D.C. Cir. 1987).

The fundamental obligation of FSIS under the Poultry Product Inspection Act is just that, to inspect poultry, on a bird-by-bird basis whenever possible, and only condemn those birds that are a threat to the "health and welfare of consumers," 21 U.S.C. § 451. Plaintiffs' petition for an absolute ban on a product that has been consumed for centuries without significant reports of illness, is unprecedented and inconsistent with the obligations of FSIS under the PPIA. The Congressional declaration of policy in the PPIA, 21 U.S.C. § 452, specifically requires that when poultry products are condemned under the Act, "the reason for condemnation in such instances shall be supported by *scientific fact, information or criteria . . .*" Id. (emphasis added). Plaintiffs' rulemaking petition did not present the required scientific basis for condemnation. Indeed with the exception of a single, unsupported study, AR

4

899 – 902, the bulk of plaintiffs' submission consisted of material relating to the animal welfare of ducks and geese – a patently irrelevant factor under the PPIA.

Notwithstanding the inadequacy of plaintiffs' submission, FSIS reviewed the relevant evidence submitted with the rulemaking petition (properly ignoring all irrelevant evidence relating to animal welfare), discussed the very limited evidence related to public health and explained its reasons for denying the petition. AR 1547 – 48. Those reasons are adequately supported by the record and are consistent with the Act and so are affirmed by this Court. Summary judgment is entered for defendants.

The Clerk shall enter judgment.

SO ORDERED.
Dated: _____                    _____

OTIS D. WRIGHT

United Stated District Judge