Morgan Hector, Cal. Bar. No. 246573
mhector@steptoe.com
STEPTOE & JOHNSON, LLP
633 West Fifth Street, Suite 700
Los Angeles CA 90071
213.439.9400 / 213.439.9599 (fax)

Carter Dillard, Cal. Bar No. 206276
cdillard@aldf.org
ANIMAL LEGAL DEFENSE FUND
170 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533 / (707) 795-7280 (fax)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a non-profit corporation; et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, and the Honorable TOM VILSACK, its Secretary; et al., <br><br> Defendants. | Case No. 12-cv-04028-ODW(PJWx) <br><br> Hon. Otis D. Wright II <br><br> PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT <br><br> Date: July 18, 2016 <br> Time: 1:30 p.m. <br> Place: Courtroom 11 – Spring Street <br> Pretrial Conference: N/A <br> Trial Date: N/A |

Plaintiffs Animal Legal Defense Fund, Sarah Evans, Michelle Schurig, Caroline Lee, Farm Sanctuary, Compassion Over Killing, and Animal Protection and Rescue League ("Plaintiffs") hereby submit the following Statement of Genuine Issues of Material Fact in response to Defendants' Statement of Uncontroverted Facts (Dkt. No. 67-1).

## **PRELIMINARY STATEMENT**

Judicial review of agency action under the Administrative Procedures Act ("APA") is generally limited to a review of the administrative record. *See* 5 U.S.C. § 806; *Southwest Ctr. For Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996). In ruling on summary judgment in an APA case, the court does not premise its decision on findings of undisputed material facts, but rather determines as a matter of law whether the agency's decision, based on the administrative record, was arbitrary or capricious, or not in accordance with law. *See* 5 U.S.C. § 706; *Fla. Power & Light v. Lorion*, 470 U.S. 729, 743-44 (1985).

As stated by the District Court in *Environment Now! v. Espy*, 877 F.Supp. 1397, 1421 (E.D. Cal. 1994): "When the Court reviews an agency decision ... [t]he question is not whether there is a genuine issue of material fact, but rather whether the agency action was arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence on the record taken as a whole." *See also Cal. R.S.A. No. 4 v. Madera County*, 332 F.Supp.2d 1291, 1301 (E.D. Cal. 2003) (holding that the usual summary judgment analysis does not apply in reviewing action of administrative agency).

Nonetheless, Plaintiffs recognize that a "Statement of Genuine Issues of Material Fact" is required by the Court's Scheduling and Case Management Order ¶6(d)(i) (Dkt. No. 15), and may assist the Court in determining where the parties disagree on particular issues. Documents contained in the administrative record

are referred to as "AR," followed by the bates number of the particular document cited.

## STATEMENT OF GENUINE ISSUES OF MATERIAL FACT

| | |
|---|---|
| 1. The Food Safety and Inspection Service (FSIS) of the United States Department of Agriculture is the federal agency responsible for administering the Poultry Products Inspection Act, 21 U.S.C. § 451, et seq. (PPIA) | Undisputed. |
| 2. On November 28, 2007, several individual and organizations, including three of the plaintiffs here, submitted a petition for rulemaking to FSIS requesting that FSIS issue a rule banning foie gras. | Undisputed |
| 3. The overwhelming majority of the exhibits submitted in support of the petition discussed issues of alleged animal cruelty in the production of foie gras. | Disputed.<br><br>Defendants' Evidence: AR 32 – 897; 903- 1150.<br><br>Plaintiffs' Evidence: AR 32-1150. |
| 4. The single study presenting evidence of possible human health risks from foie gras was a study by Alan Solomon, et al., titled Amyloidogenic potential of foie gras (2007) (Solomon study) | Disputed.<br><br>Defendants' Evidence: AR 899 – 902.<br><br>Plaintiffs' Evidence: AR 32-1150. |
| 5. The Solomon study uses two types of mice that are predisposed to develop amyloidosis. | Disputed.<br><br>Defendants' Evidence: AR 899 – 902.<br><br>Plaintiffs' Evidence: AR 899- |

| | | |
|---|---|---|
| 1 | | 971. |
| 2 | 6. Only the genetically-altered mice, the most amyloid-sensitive of the two types of mice, were fed the foie gras derived substance in the Solomon study. | Disputed. Defendants' Evidence: AR 899 – 902. Plaintiffs' Evidence: AR 899-971. |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | 7. The Solomon study recognizes the limitations of its conclusions about health risk to humans about foie gras consumption, stating at most that it "may" pose a risk to human health. | Disputed. Defendants' Evidence: AR 899 – 902. Plaintiffs' Evidence: AR 899-971. |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | 8. As a preliminary, mouse study, the Solomon study provides only remote support for plaintiffs' assertion that foie gras is a threat to human health. | Disputed. Defendants' Evidence: AR 899 – 902. Plaintiffs' Evidence: AR 899-971. |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | 9. The Solomon study provides little information that had not previously been reported in other studies. | Disputed. Defendants' Evidence: AR 899 – 902; 1548. Plaintiffs' Evidence: AR 899-971. |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | 10. The forced feeding of ducks and geese for foie gras production results in the buildup of fat in their systems, which lodges primarily in their liver – a condition known as hepatic lipidosis. | Undisputed. |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT
Case No. 12-04028-ODW

| # | | |
|---|---|---|
| 11. The hepatic lipidosis developed in ducks and geese being force-fed for foie gras production is caused by a physiologic condition (the forced feeding process) and not a pathological condition, (i.e. one caused by disease). The birds are, therefore, not diseased. Moreover, ducks and geese being force-fed do not "show[] evidence of an abnormal physiologic state," which might be a basis for condemning them under 9 C.F.R. § 381.83 | Disputed. Defendants' Evidence: AR 1456 – 57; 1157 –58; 1178 – 87; 1196 - 1206. Plaintiffs' Evidence: AR286-332 at 297-300; AR12-21; AR511-897; AR14-15; AR120-213 at 165; AR372-382; AR511-532 at 518. |
| 12. Foie gras poultry do not exhibit systemic inflammation; rather the growth in the size of the liver is merely part of normal lipid or fat processing and storage. | Disputed. Defendants' Evidence: AR 1456 – 57; 1157 – 58; 1178 – 87; 1196 - 1206. Plaintiffs' Evidence: AR286-332 at 297-300; AR12-21; AR511-897; AR14-15; AR120-213 at 165; AR372-382; AR511-532 at 518. |
| 13. The producers of foie gras ducks and geese are not in the business of buying or selling diseased or dying birds for purposes other than as human food; instead they sell foie gras for public consumption. | Undisputed. |
| 14. The enlarged livers of foie gras ducks and geese do not result in toxemia (toxins in the bloodstream) or septicemia (bacteria in the bloodstream). These conditions, if present, would result in a marked change in the appearance of the bird, such as hemorrhages in | Disputed. Defendants' Evidence: AR 1346; 1378. Plaintiffs' Evidence: AR396-408 at 403; AR455-467 at 465; |

| | |
|---|---|
| the internal organs, hyperemic skin and muscle wasting. When these symptoms are identified by FSIS inspectors, the entire carcass would be condemned. | AR286-332 at 309. |
| 15. FSIS is responsible for the inspection of a wide range of food products, including all manner of domesticated birds. FSIS inspectors perform ante-mortem and post-mortem inspections of poultry pursuant to the authority of the PPIA and regulations promulgated at 9 C.F.R. Part 381. | Undisputed. |
| 16. When conducting ante-mortem inspections, inspectors look for obvious physical signs of disease. | Disputed.<br><br>Defendants' Evidence: 9 C.F.R. § 381.71.<br><br>Plaintiffs' Evidence: Defendants' evidence does not support the stated "fact." |
| 17. Post-mortem inspections are performed on a bird-by-bird basis with the inspectors using his or her senses (mostly visual) to assess each carcass for signs of abnormal conditions. | Disputed.<br><br>Defendants' Evidence: 9 C.F.R. § 381.71.<br><br>Plaintiffs' Evidence: Defendants' evidence does not support the stated "fact." |
| 18. FSIS performs its inspections at the slaughter facility; it has no authority to regulate the care or feeding of birds prior to their arrival at the slaughter facility. | Disputed.<br><br>Defendants' Evidence: 9 C.F.R. § 381.6.<br><br>Plaintiffs' Evidence: 21 U.S.C. |

| | |
|---|---|
| | § 455. |
| 19. By letter dated August 27, 2009, FSIS Assistant Administrator Philip S. Derfler wrote to Peter J. Petersan of the Humane Society, denying the petition and explaining that "FSIS has determined that the presence of fatty change in a duck or goose liver used to produce foie gras alone does not render the foie gras adulterated or otherwise unfit for human food." | Undisputed. |
| 20. Plaintiff Animal Legal Defense Fund is a nonprofit organization whose goals are to use the legal system to prevent animal cruelty and protect the interests of animals. | Disputed that those are the entity's only goals. Defendants' Evidence: Complaint ("Compl.") ¶ 51. Plaintiffs' Evidence: Declaration of Stephen Wells, ¶5. |
| 21. Plaintiff Animal Legal Defense Fund engages in many other animal protection activities in addition to advocating for a ban on foie gras. | Undisputed. |
| 22. Plaintiff Farm Sanctuary is a nonprofit charitable organization dedicated to protecting animals raised in the food industry. | Disputed that those are the entity's only goals. Defendants' Evidence: Compl. ¶ 53. Plaintiffs' Evidence: Declaration of Bruce Friedrich, |

4
STATEMENT OF GENUINE ISSUES OF MATERIAL FACT
Case No. 12-04028-ODW

| | |
|---|---|
| | ¶3. |
| 23. Plaintiff Farm Sanctuary engages in many other animal protection activities in addition to advocating for a ban on foie gras. | Undisputed. |
| 24. Plaintiff Compassion Over Killing is a nonprofit organization whose purpose is to protect all animals from abuse through education campaigns and legal action. | Disputed that those are the entity's only goals.<br><br>Defendants' Evidence: Compl. ¶ 55.<br><br>Plaintiffs' Evidence: Declaration of Erica Meier, ¶2. |
| 25. Plaintiff Compassion Over Killing engages in many other animal protection activities in addition to advocating for a ban on foie gras. | Undisputed. |
| 26. Plaintiff Animal Protection and Rescue League works to document and expose animal cruelty and to implement humane change. | Disputed that those are the entity's only goals.<br><br>Defendants' Evidence: Compl. ¶ 57.<br><br>Plaintiffs' Evidence: Declaration of Bryan Pease, ¶¶3, 5. |
| 27. Plaintiff Animal Protection and Rescue League engages in many other animal protection activities in addition to advocating for a ban on foie gras. | Undisputed. |
| 28. Plaintiffs have not identified any case of any individual becoming ill due to the consumption of foie gras. | Undisputed that Plaintiffs have not identified a specific case of illness, although Plaintiffs |

5
STATEMENT OF GENUINE ISSUES OF MATERIAL FACT
Case No. 12-04028-ODW

| | |
|---|---|
| | contend the evidence in the AR establishes an increase in overall health risks from consumption. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs hereby incorporate by reference their Separate Statement of Uncontroverted Facts and Conclusions of Law filed in Support of Their Motion for Summary Judgment.

Respectfully submitted,

May 13, 2016                    STEPTOE & JOHNSON LLP


By:    /s/ Morgan L. Hector
       Morgan L. Hector
       Attorneys for Plaintiffs