Morgan Hector, Cal. Bar. No. 246573
mhector@steptoe.com
STEPTOE & JOHNSON, LLP
633 West Fifth Street, Suite 700
Los Angeles CA 90071
213.439.9400 / 213.439.9599 (fax)

Carter Dillard, Cal. Bar No. 206276
cdillard@aldf.org
ANIMAL LEGAL DEFENSE FUND
170 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533 / (707) 795-7280 (fax)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a non-profit corporation; et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, and the Honorable TOM VILSACK, its Secretary; et al., <br><br> Defendants. | Case No. 12-cv-04028-ODW(PJWx) <br><br> Hon. Otis D. Wright II <br><br> PLAINTIFFS' OBJECTIONS TO EVIDENCE <br><br> Date: July 18, 2016 <br> Time: 1:30 p.m. <br> Place: Courtroom 11 – Spring Street <br> Pretrial Conference: N/A <br> Trial Date: N/A |

## PLAINTIFFS' OBJECTIONS AND POINTS AND AUTHORITIES

Plaintiffs hereby object to (1) Defendants' reliance on the Declarations of Alice M. Thaler and W. Scott Hafner (Dkt No. 26-1 and 26-2) in support of their Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. No. 67) ("Cross-Motion"). These objections are made pursuant to paragraph 6(d)(iii)[1] of the Court's Scheduling and Case Management Order (Dkt. No. 15).

## I. LEGAL STANDARD

Plaintiffs object to portions of the declarations Alice M. Thaler and W. Scott Hafner submitted by Defendants in Support of their Cross-Motion primarily because review under the APA is typically limited to determining agency compliance with the law *solely* on the administrative record on which the decision was made. *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419-20 (1971), overruled on other grounds, *Califano v. Sanders*, 430 U.S. 99, 105 (1977). As the Ninth Circuit has held, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986) (emphasis added) (citations omitted); *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450-51 (9th Cir. 1996) ("*SWCBD*").

The Ninth Circuit has allowed extra-record review only in the following four limited circumstances: (1) when the agency has failed to explain its actions so as to frustrate judicial review; (2) when it appears that the agency has relied on documents or materials not included in the administrative record; (3) when necessary to explain technical terms or complex subject matter involved in the

---

[1] Plaintiffs do not cite to paragraph numbers of the separate statement because the citations to the Hafner and Thaler declarations do not appear in Defendants' Statement of Uncontroverted Facts (Dkt. No. 67-1); rather the cites appear directly in Defendants Cross-Motion.

agency action; or (4) when there is a strong showing of bad faith or improper behavior by the agency. *SWCBD*, 100 F.3d at 1450. Each of these exceptions is narrowly circumscribed, however, *see Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005), and all presuppose a determination that the administrative record presented to the reviewing court is so inadequate as to frustrate effective judicial review. *See Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986). Moreover, to be entitled to rely on extra-record material in a case involving review of agency action, the party seeking such reliance bears the burden of showing that one or more exceptions apply. *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1437-38 (9th Cir. 1988) (district court had properly limited its review to the administrative record because plaintiff "has not demonstrated that it falls within any of the exceptions to the general rule that review of agency action is limited to the administrative record.").

## II. SPECIFIC OBJECTIONS

Plaintiffs object to the following uses by Defendants of the Thaler declaration as going to the merits of the action and introducing additional evidence, without meeting one of the four exceptions as described in *SWCBD*, *supra*:

- "First, foie gras poultry do not exhibit systemic inflammation, *id*.; rather the growth in the size of the liver is merely part of normal lipid or fat processing and storage. As Dr. Thaler notes, '[n]ormal foie gras livers show no visible signs of inflammation, i.e., there is not accumulation of fibrin (protein fibers) on the liver surface, and there are no visible hemorrhages in the liver tissue.' Thaler Decl. ¶ 26." Cross-Mot. at 21.

- "Second, ducks and geese being force-fed do not 'show[] evidence of an abnormal physiologic state,' Pl. MSJ at 22, which might be a basis for condemning them under 9 C.F.R. § 381.83. As Dr. Thaler notes,

> '[f]at storage is a liver function that is normal physiology. When more calories are consumed than are needed, the liver transforms the calories into fat for storage so the organism can use those stores in lean times when food is scarce.' Thaler Decl. ¶ 40." Cross-Mot. at 22.

- "Fourth, plaintiffs are also mistaken in asserting that an enlarged liver results in toxemia (toxins in the bloodstream) or septicemia (bacteria in the bloodstream). *See* Pl. MSJ at 22; AR 1346, 1378. These conditions, if present, would result in a marked change in the appearance of the bird, such as hemorrhages in the internal organs, hyperemic skin and muscle wasting. See Thaler Decl. ¶ 29." Cross-Mot. at 22.

- "But a review of condemnation rates at foie gras producers identifies no such problem. For 2010, at the thirty-one non foie gras duck processing plants, the condemnation rate was 2.1%. At the two foie gras duck processing plants, the condemnation rate was 1.75%. See Thaler Decl., ¶ 33."[2] Cross-Mot. at 22.

This is not mere background information. Instead, these citations go directly to the heart and substance of the issues in this case, with citations to these declarations as Defendants' *sole* authority. Defendants cannot cure the lack of evidence to support their Denial by attempting to supplement the record now. The Court should disregard these portions of Defendants' Cross-Motion and strike the following paragraphs of the Thaler Declaration: 26-27, 29, 33-35, 37-38, and 40-43.

Plaintiffs also object to the following uses of the Hafner opinion as going well beyond mere "background" and instead impermissibly interpreting one of the

---

[2] This citation is also objectionable as constituting evidence arising after the Denial. It therefore could not possibly be the basis of the agency decision at issue or reflect the evidence at the time of the agency decision. It is wholly inappropriate.

key pieces of evidence submitted with the Petition and considered by FSIS in its Denial:

- "First, the Solomon study, like many such studies, uses two types of mice that are predisposed to develop amyloidosis. *See* Hafner Decl. ¶ 4." Defts. Cross-Mot. at 23.
- "Consequently the use of these especially sensitive mice overstates the potential risk of mice – and humans – developing amyloidosis from consuming foie gras. *Id*. ¶ 10." Defts. Cross-Mot. at 23.
- "Second, Hafner notes that there is no basis for concluding that foie gras could contribute to diseases like diabetes and Alzheimer's (the 'cross-seeding' hypothesis). *Id*. ¶¶ 13-14." Cross-Mot. at 23.
- "Third, there are many other proteins that humans are exposed to, from many sources, such as common bacteria, yeast and secretions from other humans, that can have an amyloid enhancing activity, as one of the co-authors of the Solomon study conceded in a later article. *Id*. at ¶ 15." Cross-Mot. at 23.
- "Finally, the Solomon Study is a preliminary research study and so, by its very nature, does not provide definitive support of plaintiffs' theory that foie gras is an adulterated food product. *Id*. at ¶ 12." Cross-Mot. at 23.

The Court should disregard these portions of Defendants' Cross-Motion and strike the following paragraphs of the Hafner declaration: 3-16.

Plaintiffs also object to the following uses of the Thaler declaration as impermissible and inappropriate legal opinion:

- "FSIS performs its inspections at the slaughter facility; it has no authority to regulate the care or feeding of birds prior to their arrival at the slaughter facility. Thaler Decl. ¶¶ 6 – 7." Cross-Mot. at 3.

- "Section 460(d) applies to persons in the business of buying or selling such diseased or dying birds which are sold for purposes other than as human food (such as use by renderers or pet food manufacturers). Thaler Decl. ¶ 16. Section 460(d) thus does not apply to foie gras producers." Cross-Mot. at 22.

The Court should disregard these portions of Defendants' Cross-Motion and strike the following paragraphs of the Thaler declaration: 6-7, 14-18, and 41.

Plaintiffs further object to paragraph 14 of the Hafner declaration as containing hearsay without any exception.

## III.  CONCLUSION

For the reasons detailed above, the Court should sustain Plaintiffs' objections.

May 13, 2016                                    STEPTOE & JOHNSON LLP


By:     /s/ Morgan L. Hector
         Morgan L. Hector
         Attorneys for Plaintiffs