# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a non-profit corporation; et al., | Case No. 12-cv-04028-ODW(PJWx) |
| | Hon. Otis D. Wright II |
| Plaintiffs, | [PROPOSED] STATEMENT OF DECISION |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, and the Honorable TOM VILSACK, its Secretary; et al., | |
| Defendants. | |

Plaintiffs move for summary judgment against Defendants pursuant to Federal Rule of Civil Procedure 56 and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*, challenging Defendants' August 27, 2009 denial (the "Denial") of Plaintiffs' petition for rulemaking (the "Petition") to exclude force-fed foie gras from the human food supply (Dkt. No. 61). Defendants have filed a Cross-Motion for Summary Judgment on the grounds that Plaintiffs lack standing and that Defendants' conduct was consistent with the Administrative Procedure Act (Dkt. No. 67).  For the reasons discussed below, Plaintiffs' Motion is **GRANTED** and Defendants' Cross-Motion is **DENIED**.

## II. STATEMENT OF DECISION

### A. Statutory Framework and Regulations Governing Foie Gras.

The Poultry Products Inspection Act of 1957 ("PPIA") specifically empowers and requires the USDA "to provide for the inspection of poultry and poultry products and . . . to prevent the movement or sale . . . of poultry products which are adulterated . . . ." 21 U.S.C. § 452; 9 C.F.R. § 381.78. The FSIS and its Administrator have the responsibility to promulgate rules and regulations under the PPIA. 21 U.S.C. § 463(b); 7 C.F.R. § 2.53(a)(2)(i). The PPIA and FSIS regulations require the condemnation of products that are:

- "for any . . . reason unsound, unhealthful, unwholesome, or otherwise unfit for human food." 21 U.S.C. § 453(g)(3);
- the product of "dead, dying, disabled, or diseased poultry." *Id*. § 460(d);
- "affected by an inflammatory process," independently or in combination with evidence of "a general systemic disturbance." 9 C.F.R. § 381.86;
- affected by "any septicemic or toxemic disease." 9 C.F.R. § 381.83;
- affected by an "abnormal physiologic state." 9 C.F.R. § 381.83;

### B. The 2007 Petition for Rulemaking.

On November 28, 2007, several of the current Plaintiffs, in addition to other individuals and organizations, petitioned the USDA and FSIS to promulgate

regulations to prevent force-fed foie gras from entering the human food supply. Administrative Record, Dkt. No. 18 ("AR"), AR1-31 (the "Petition" or "Pet.").The Petition argued that force-feeding of ducks and geese causes a disease known as hepatic lipidosis or hepatic steatosis. Pet. Ex. 32 at 2 (AR482); Pet. Ex. 26 at 3 (AR412); Ex. 35 at 3 (AR514); Ex. 38 at 2 (AR816). The Petition included substantial evidence that hepatic lipidosis is widely considered pathological, despite the fact that it is influenced by diet and environment. *See* Pet. Ex. 37 at 20-25 (AR782-787); Ex. 36 (AR533-705); Pet. Ex. 13 at 41 (AR165).

The Petition also explained that force-feeding causes other ailments. First, there are the basic side effects of hepatic lipidosis itself, including respiratory distress, circulatory problems, and hepatic encephalopathy. *See* Pet. Ex. 38 at 2 (AR816); *See* Pet. Ex. 37 at 25 (AR787); Pet. Ex. 36 at 38 (AR573); Ex. 38 at 2 (AR816); Pet. Ex. 14 at 19 (AR234). Force-feeding also leads to the development of toxemia and septicemia. *See* Pet. Ex. 17 at 23 (AR309) (toxemia) and Pet. Ex. 25, AR403; Pet. Ex. 28, AR465 (septicemia). Inflammatory conditions are another side-effect of force-feeding. Pet. Ex. 23, AR376-382); Pet. Ex. 35 at 7, AR518; Ex. 17 at 23 (AR309); Ex. 37 at 41 (AR803); Pet. Ex. 29, at 4 (AR472); *see also* Pet. Ex. 25 at 4 (AR400-403) Pet. Ex. 23 at 8 (AR373-382); Pet. Ex. 32 at 14-16 (AR482-497) (finding yeast, bacterial infections, and hyperkeratosis); Pet. Ex. 21 at 1-4 (AR354-357) (finding fungal infection and septicemia related to the bacteria *Staphylococcus aureus*); Pet. Ex. 28 at 4-9 (AR456-467); Pet. Ex. 38 at 3 (AR817). The Petition also included extensive evidence that force-feeding is associated with an increased mortality rate and is fatal if continued for longer than a few weeks. Pet. Ex. 37 at 47 (AR809); Pet. Ex. 18 (AR334-345).

Finally, the Petition included evidence that the presence of amyloids in commercially available foie gras serve as a "potent" factor in enhancing the onset of secondary amyloidosis, a potentially fatal disease in humans. Pet. Ex. 44 (AR899-900); Ex. 45 (AR905-911). One study concluded "it would seem prudent

for children and adults with rheumatoid arthritis or other diseases who are at risk for this disorder to avoid foods that may be contaminated with AA fibrils." *Id.*

### C. Defendants' 2009 Denial of the Petition for Rulemaking.

FSIS denied the Petition on August 27, 2009. (AR1547-1548). In the two-page Denial, FSIS conceded that the appearance of the enlarged and fatty livers of force-fed birds would be "considered abnormal" and "characterized as affected by hepatic lipidosis." (AR1547). Despite this, the Denial concluded hepatic lipidosis is not adulteration because the condition has a physiological, rather than pathological, origin. *Id.* FSIS also conceded "that additional research is needed on the potential human health effects associated with the consumption of foie gras." AR1547. The Denial failed to address any other portion of the Petition.

## III. ANALYSIS

A refusal to engage in requested rulemaking may be set aside "if the decision was 'arbitrary and capricious' within the meaning of the [Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.]" *Beno v. Shalala*, 30 F.3d 1057, 1073 (9th Cir. 1994) (quoting 5 U.S.C. § 706(2)(A)). Such is the case where an agency "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, [or] offered an explanation for its decision that runs counter to the evidence before the agency." *Id.* (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 44 (1983)). The agency "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id*. Thus, "[i]n reviewing an administrative agency decision, summary judgment is an appropriate mechanism for deciding the legal question of whether the agency could reasonably

have found the facts as it did." *City & County of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir. 1997) (quotation omitted).

### A. The Denial Was Arbitrary, Capricious, and Contrary to Law.

In denying the Petition, FSIS (1) offered a circular, nonsensical argument that because foie gras livers are caused by human practices and not a disease, they are not "adulterated" even though they are admittedly "abnormal" and "affected by hepatic lipidosis"; (2) concluded that "additional research is needed on the potential human health effects associated with the consumption of foie gras," yet denied the Petition; and (3) ignored the mountain of evidence showing force-feeding leads to not only a diseased liver, but a variety of other illnesses and conditions, as well as risks to human health, that require condemnation under the PPIA and FSIS's own regulations. The PPIA nowhere mentions a "wait-and-see" approach to a diseased and adulterated poultry product that may be unsafe for human health. Rather, it commands the USDA, through the FSIS, to seize and condemn such a product. See 21 U.S.C. § 476b; 9 C.F.R. §§ 381.78; 381.210 *et seq*. Thus, the Denial is arbitrary, capricious, and otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A); *Beno v. Shalala*, 30 F.3d 1057, 1073 (9th Cir. 1994); *Massachusetts v. EPA*, 549 U.S. 513 (2007). Further, because Defendants' interpretation of the PPIA (e.g., that the meaning of "adulterated" depends on whether the adulteration is of physiologic or pathologic origin) and its own regulations is inconsistent with the statutory text and Congressional intent, it is given no deference. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984).

### B. Plaintiffs Have Standing.

Plaintiffs are (1) past and potential future consumers of foie gras; and (2) organizations that, pursuant to their missions, have devoted resources to combatting foie gras's presence in the food supply. As a result, all Plaintiffs have standing under Article III of the U.S. Constitution. 5 U.S.C. § 702; *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Smith v. Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004) (standard for organization claiming frustration of purpose). They also satisfy the "zone of interests" test, as recently pronounced in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1387 (2014).

Finally, the Court hereby sustains Plaintiffs' objections to portions of the Declarations of Alice M. Thaler and W. Scott Hafner (Dkt No. 26-1 and 26-2) as, *inter alia*, improper evidence outside of the administrative record. *See Animal Defense Council v. Hodel*, 840 F.2d 1432, 1437-38 (9th Cir. 1988).

Based on the foregoing, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Summary Judgment is GRANTED and Defendants' Cross-Motion for Summary Judgment is denied; and it is further

ORDERED that the Court hereby DECLARES that Defendants' Denial was in violation of 21 U.S.C. §§ 460(d), 453(g)(3) and 9 C.F.R. §§ 381.83, 381.85, and 381.86; and it is further

ORDERED that the Denial is hereby SET ASIDE and REMANDED to FSIS to initiate rulemaking consistent with this Order; and it is further

ORDERED that this Court shall retain jurisdiction to ensure Defendants' compliance with the terms of the Court's Order.

The Clerk shall enter judgment.

SO ORDERED this _____ day of _____, 2016.

_____

HON. OTIS D. WRIGHT

United States District Court Judge