BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
ERIC WOMACK
DANIEL BENSING
D.C. Bar No. 334268
Attorneys, United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Rm. 6114
Washington D.C. 20530
Telephone: (202) 305-0693
Facsimile:   (202) 616-8460
Daniel.Bensing@USDOJ.gov

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANIMAL LEGAL DEFENSE FUND, *et al.*,

        Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF
  AGRICULTURE, <u>et al.</u>,

        Defendants.

No. CV12-04028
     ODW (PJWx)

Date: July 18, 2016
Time: 1;30 p.m.
Place: Ctrm. 11 – Spring St.
Pretrial Conference: N/A
Trial Date: N/A

## DEFENDANTS' RESPONSE TO
## PLAINTIFFS' OBJECTIONS TO EVIDENCE

1

Defendants hereby respond to plaintiffs' objections, Dkt. 70-2, to the declarations of Alice Thaler (Thaler Decl.) and Scott Hafner (Hafner Decl.), filed with Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment on May 13, 2016.

## ARGUMENT

**I. Legal Standard.**

Civil actions brought to challenge agency action under the Administrative Procedure Act are reviewed on the administrative record underlying the agency action being challenged.  See 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record . . .").  That record is compiled by the agency, *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996), and generally cannot be challenged.  But there are several relatively narrow exceptions to this rule to permit supplementation of the record.  *See Friends of the Payette v. Horseshoe Bend Hydroelectric Co.*, 988 F.2d 989, 997 (9th Cir. 1993).

One exception permits the reviewing court to consider extra-record evidence (typically in the form of declarations or affidavits) "when necessary to explain technical terms or complex subject matter."  *Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012).  This Circuit has long recognized that

2

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)

declarations explaining the complex and technical information contained in an administrative record are permissible in an APA review proceeding. *See Bunker Hill Co. v. EPA*, 572 F.2d 1286, 1292 (9th Cir. 1977).

Additionally, agency action under the APA is frequently based on expertise developed over many years and consequently, an agency may act, in part, "upon the basis of information available in its own files, and upon the knowledge and expertise of the agency." *Public Citizen v. Nuclear Regulatory Commission*, 573 F.3d 916, 928 (9th Cir. 2009), *quoting Siegel v. Atomic Energy Commission*, 400 F.2d 778, 786 (9th Cir. 1968). Where the agency's decision is based in part on its expertise and background information, and that background information is not fully reflected in the administrative record, the agency can supplement the record with declarations fully explaining the basis for its decision. *See Friends of the Payette,* 988 F.2d at 997 ("the reviewing court may obtain from the agency, through affidavit or testimony, additional explanations for the agency's decisions").

While *Public Citizen* is somewhat unusual as the Nuclear Regulatory Commission was acting in part based on classified information contained in its files, the principle that agencies may rely on expertise and materials in their files applies to all rulemaking proceedings. The Attorney General's Manual on the

3

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)

Administrative Procedure Act, (Gaunt & Sons reprint, 1979) an authoritative guide to the APA, written shortly after its enactment in 1946, notes that –

> . . . except in formal rulemaking governed by sections 7 and 8 [5 U.S.C. §§ 556, 557], an agency is free to formulate rules upon the basis of materials in its files and the knowledge and experience of the agency, in addition to the materials adduced in public rulemaking proceedings.

*Id*. at 31 – 32.

## II.  The Thaler and Hafner Declarations Do Not Constitute Impermissible Extra-Record Evidence.

Both Thaler and Hafner are senior Food Safety and Inspection Service ("FSIS") scientists who are particularly knowledgeable about some of the subjects addressed in the Administrative Record.  Ms. Thaler, who provided information used in drafting the response to the petition, Thaler Decl. ¶ 4, provides general information about the administration of the Poultry Product Inspection Act ("PPIA") by FSIS, Thaler Decl. ¶¶ 5 – 22, discussed, generally, in the Administrative Record at AR 1338 – 1530,  which is essential to understand how the agency operates and why the petition was rejected.  The Thaler Declaration also provides a more detailed explanation of the scientific basis for FSIS's rejection of the petitioners' argument that foie gras is the product of diseased poultry.  Thaler Decl. ¶¶ 23 – 31.

4

Mr. Hafner, a Veterinary Medical Officer, provides a detailed analysis of the significance and limitations of the Solomon study, AR 899 – 902, the only study in the Administrative Record that provides any evidence of risk to humans from consuming foie gras.  For example, Mr. Hafner explains that the Solomon study "is only a first research step and does not provide any proof of harm to human health." Hafner Decl. ¶ 12.  Notably, neither Ms. Thaler nor Mr. Hafner purport to offer a new rationalization for the agency's decision.

Certainly, the knowledge and experience of senior agency scientists like Thaler and Hafner can provide support for agency action, as can information in FSIS files, such as records reflecting the agency's experience in inspecting, and, where necessary, condemning, foie gras birds for signs of disease, Thaler Decl. ¶ 35.  Consequently, both declarations fall comfortably within the recognized exception for declarations explaining a complex subject matter for the reviewing court as well as providing an expanded explanation of the basis of the agency action.

If the Court were to accept plaintiffs' invitation to strike the declarations, plaintiffs would then argue that the two page letter denying the petition for rulemaking did not adequately explain the basis for FSIS's decision.  On remand FSIS would presumably issue a more detailed explanation for its decision,

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)

including the background explanation contained in the Thaler and Hafner

declarations.  The Court should reject plaintiffs' invitation to adopt this bizarre

result since, in judicial review under the APA, "due account shall be taken of the

rule of prejudicial error."  5 U.S.C. 706.

### III.  Plaintiffs' Non-APA Objections are Invalid.

Plaintiffs' non-APA objections (legal conclusion and hearsay, *see* Plaintiffs'

Objections at  4 – 5) are not appropriate objections in this context.  The merits of

this APA action will not be resolved through a trial *de novo* and defendants are not

offering these declarations for that purpose.  Instead, they are in the record of the

case for the sole purpose of permitting the Court to understand the basis for the

agency's decision and to explain the complexities of the administration of the

PPIA.  Nevertheless, defendants will separately address plaintiffs' legal opinion

and  hearsay objections.

### A.  Thaler's Declaration Is Not Offered for any Legal Conclusions and in Any Event, an Agency is Permitted to Offer its Legal Interpretation of the Statute it Administers.

Ms. Thaler's declaration is offered to provide background information to

assist the Court in understanding issues relating the administration of the PPIA by

the FSIS, the ordinary operations of FSIS inspectors and other personnel as well as

a more detailed explanation of the scientific basis for the denial of the rulemaking

6

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)

petition.  Her declaration merely provides *her understanding* of the requirements of the PPIA and its regulations.  *See e.g.* Thaler Declaration, ¶ 6 ("It is my understanding that . . .").  Defendants are not purporting to introduce through Thaler's declaration, "evidence" of how the PPIA should be interpreted.  But, even if defendants were, that would be proper, because an agency may, of course, interpret the statute it administers (and receive deference for that interpretation under the well-settled principles of *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984)).

### B.  Hafner's Declaration Does not Contain Inadmissible Hearsay.

At paragraph 14 of his declaration, Mr. Hafner notes that in a 2009 article, some of the same authors who contributed to the Solomon study had called into question some of the conclusions reached in that study.[1]  That subsequent study is not being moved into evidence (in fact defendants excluded it from the Administrative Record because it was not considered by FSIS in denying the rulemaking petition).  Instead, Mr. Hafner merely used it to explain the basis for his statements about the limitations of the Solomon study, which in turn are

---

[1] Mr. Hafner quoted a portion of the study (Westermark and Westermark, FEBS letters, 2009), that admitted that "[h]umans are probably not as sensitive as the experimentally used mouse strains . . . in addition, there is nothing known about barriers between other animals and humans."

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)

presented to assist the Court in understanding FSIS's decision to discount the Solomon study in rejecting the rulemaking petition.  *See* AR 1584 – 85.

Moreover, to the extent that the Federal Rules of Evidence apply in this context, the statements in the Westermark journal article are admissible under the hearsay exception for "Statements in Learned Treatises, Periodicals or Pamphlets" See FRE 803(18).

## CONCLUSION

Wherefore, the Court should overrule plaintiffs' Objections to Evidence.


Date:  June 3, 2016

                                        Respectfully submitted,

                                        BENJAMIN C. MIZER
                                        Principal Deputy Assistant
                                        Attorney General

                                        EILEEN M. DECKER
                                        United States Attorney

                                        */s/ Daniel Bensing*
                                        ERIC WOMACK
                                        DANIEL BENSING
                                        D.C. Bar No. 334268
                                        United States Department of Justice
                                        Civil Division
                                        Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Rm. 6114

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Washington, D.C. 20530
Telephone: (202) 305-0693
Telefacsimile: (202) 616-8460
Daniel.Bensing@USDOJ.gov

9

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)

<u>Certificate of Service</u>

      I hereby certify that on the 3rd day of June, 2016, I caused the forgoing Defendants' Response to Plaintiffs' Objections to Evidence to be served on counsel for plaintiffs by filing with the court's electronic case filing system.

*/s/ Daniel Bensing*

Daniel Bensing

Defendants' Response to Plaintiffs' Objections to Evidence (Case No. 12-4028)